**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700

**Erika Heath, Attorney At Law**
Erika Heath, Esq. (SBN: 304683)
erika@heathlegal.com
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone:   (415) 426-7850
*Attorneys for Plaintiff*,
Chinemerem Osisioma

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHINEMEREM OSISIOMA,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, AND BARCLAYS BANK DELAWARE**<br><br>Defendants. | **Case No.:** '21 CV2023 MMA MSB<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>**2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

**COMPLAINT FOR DAMAGES**

*Left margin (vertical):* THE CARDOZA LAW CORPORATION  548 MARKET ST. #80594  SAN FRANCISCO, CA 94104

## INTRODUCTION

1. This case is about a furnisher and two consumer reporting agencies who are reporting false information to a consumer's credit reports, despite being informed by the consumer that the information was wrong. Barclays, one furnisher, has reported a high balance that contradicted its own tradeline reporting, which one or more of the CRAs continued to report despite disputes. The CRAs also reported a separate account with the impossible account status of "open" in direct contradiction to the "remarks" stating the account was closed.

2. **CHINEMEREM OSISIOMA** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, attorney fees, and costs, against **TRANSUNION, LLC, EQUIFAX INFORMATION SERVICES, LLC and BARCLAYS BANK DELAWARE** for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), and for violations of California Civil Code § 1785 et seq. (hereinafter "CCRAA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

7.    The Fair Credit Reporting Act ("FCRA"), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970.  The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …"  FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205.  The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1]  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

8.    The Consumer Credit Reporting Agencies Act ("CCRAA"), the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

///

[1]  FCRA, 15 U.S.C. §1681(a)(4)
[2]  California Civil Code § 1785.1(d)

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

9.   Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

### JURISDICTION AND VENUE

10.  Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p ("FCRA"), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

11.  This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., ("FCRA"), and California Civil Code § 1785 et seq. ("CCRAA").

12.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

13.  Plaintiff is natural person who resides in the County of San Diego, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

14.  Defendant TransUnion, LLC (hereinafter "Defendant TransUnion") is a Illinois corporation operating from an address of 555 Adams Street, Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

15.  Defendant Equifax Information Services, LLC (hereinafter "Defendant Equifax") is a Georgia corporation operating from an address of 1550 Peachtree Street NW, Atlanta, GA 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

16. Defendant Barclays Bank Delaware (hereinafter "Defendant Barclays") is a Delaware corporation operating from an address of 251 Little Falls Drive, Wilmington, DE 19808, and is a "person" as defined by 15 U.S.C. § 1681a(b).

17. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

18. Defendant TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

19. Defendant Barclays is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

20. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

21. Plaintiff is an individual residing in the County of San Diego in the State of California.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

23. Plaintiff made multiple requests for reinvestigation with the CRA's, including Defendant TransUnion and Defendant Equifax to dispute the erroneous credit reporting by Defendant Barclays and third-party Memphis Light Gas and Water (herinafter "MLGW").

24. Upon information and belief, the CRA's forwarded Plaintiff's disputes to Defendant Barclays.

25. Upon information and belief, the CRAs forwarded Plaintiff's disputes to third-party MLGW.

26. Within the five years previous to the filing of this Complaint, Defendant TransUnion prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Defendant Barclays and third-party MLGW.

    a. Defendant TransUnion failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information related to Plaintiff's account held by Defendant Barclays and third-party MLGW.

    b. Defendant TransUnion knows that furnishers often fail to correct inaccurate high balance reports.

    c. Defendant Trans Union knows that furnishers often fail to properly code an account as closed in the account type section, while reporting account closure in the remarks section.

    d. Defendant TransUnion has been sued by consumers and has suffered judgments as a result of furnisher failures to correct inaccurate high balance reporting.

e.  Defendant Trans Union has been sued by consumers and has suffered judgments as a result of furnisher failures to properly code accounts as closed when they are closed, while reporting account closure in the remarks section.

27. Within the five years previous to the filing of this Complaint, Defendant Equifax prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by third-party MLGW.

a.  Defendant Equifax failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information related to Plaintiff's account held by third-party MLGW.

b.  Defendant Equifax knows that furnishers often fail to properly code an account as closed in the account status section, while reporting account paid in the comments section, and that furnishers often report information regarding closed accounts after closure and payment of the account.

c.  Defendant Equifax has been sued by consumers and has suffered judgments as a result of furnisher failures to properly code an account as closed in the account status section, while reporting account paid in the comments section, and that furnishers often report information regarding closed accounts after closure and payment of the account.

28. Defendant Barclays knows that it often fails to correct inaccurate high balance reporting. Defendant Barclays has been sued by consumers and suffered judgments as a result of its failure to correct inaccurate high balance reporting.

29. Third Party MLGW failed to properly code the account at issue here as closed in the account type section (Trans Union) and account status section (Equifax),

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

while reporting account closure in the remarks (Trans Union) and comments (Equifax) sections and reported information regarding a closed account after closure and payment of the account.

30. Defendants TransUnion and Equifax have willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

31. In responding to the disputes received by the CRA's, Defendant Barclays conducted no investigation of the accuracy of its furnishing.

32. Other than sending the disputes to Defendant Barclays and third-party MLGW, Defendants TransUnion and Equifax did nothing to investigate whether or not the accounts were reporting accurately to Plaintiff's credit.

33. An already-disputed MLGW account continues to report to TransUnion as "open" even though this account was actually paid off and closed on September 6, 2018.

34. Plaintiff owns a rental property in Tennessee that had MLGW utilities.

   a. A tenant was living in the property at the time of MLGW's utility service.

   b. The tenant informed Plaintiff that the utility bill had been transferred from Plaintiff's name and responsibility into their own name and responsibility, but this was inaccurate. In fact, the bill remained in Plaintiff's name without Plaintiff's knowledge.

   c. Upon information and belief, MLGW utility bills were addressed and mailed to the rental property, where the Plaintiff does not physically live or receive mail.

   d. The bill was not paid by the tenant and Plaintiff was unaware that the bill was arriving.

   e. Unbeknownst to Plaintiff, the account was sent to collections.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

f. Plaintiff received no communications from MLGW regarding late payments or collections. Plaintiff was therefore not aware this account went to collections.

g. MLGW's policy is to turn off services if payment is defaulted. No services were ever turned off. Plaintiff was therefore still not aware this account went to collections.

h. As Plaintiff was doing a refinance on his house, Plaintiff's lender informed him that MLGW had gone to collection.

i. Third-party MLGW was reporting as a collection to Plaintiff's Equifax and TransUnion credit reports.

j. Plaintiff then visited the MLGW website to check on the account status, and the website showed zero balance owed.

k. Plaintiff contacted a MLGW customer service representative, who explained that outstanding bills were only accessible through an "Archived Bills" tab, not the "Active Bills" tab.

l. The MLGW account was paid off in full and closed on September 6, 2018, by Plaintiff.

35. Even though the MLGW account was paid in full and closed, it still reports an account status of "open" on TransUnion.

36. Plaintiff mailed written disputes to Barclays, third-party MLGW, Equifax, and TransUnion.

37. Plaintiff sent three disputes to third-party MLGW via mail.

a. Plaintiff sent a dispute to MLGW via email as well, and this is the only dispute that third-party MLGW responded to.

b. Third-party MLGW provided Plaintiff with a letter stating that the MLGW account as paid off and closed on September 6, 2018.

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

    c.  Plaintiff emailed again asked third-party MLGW to fix any credit reporting, but third-party MLGW did not respond to this request of Plaintiff's.

38.  Plaintiff sent a written dispute to Barclays in February 2021 contesting the inaccurately reported high balance of $10,114 from 6/2018 to 11/2020, which reporting is contradictory to Barclays own monthly reporting of the account balance and payments.

    a.  Barclays did not respond to Plaintiff's February 2021 dispute.

    b.  After Plaintiff's dispute, Barclays updated their reporting to Trans Union to say that the reported high balance was $10,114 from 3/2021 to 5/2021 – which was still inaccurate.

    c.  Barclays also removed most of the balance and payment history from Plaintiff's Trans Union consumer disclosure following his February 2021 dispute.

    d.  Per Plaintiff's December 2020 Trans Union report, Plaintiff's balance never exceeded $3,792 (12/2019) at any time between 6/2018 and 11/2020.

    e.  Plaintiff's Barclays statements from June 2018 to November 2020, show that the balance never reached $10,114.

    f.  Per Plaintiff's May 2021 Trans Union report, Plaintiff's balance never exceeded $1,246 (5/2021) between 3/2021 and 5/2021.

    g.  Plaintiff's Barclays statements from March 2021 to May 2021, show that the balance never reached $10,114.

    h.  Upon information and belief, Plaintiff alleges that on one or more occasions TransUnion forwarded Plaintiffs' disputes to Barclays. Upon information and belief, Barclays was provided notice of Plaintiffs' disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

39. Plaintiff sent five disputes to Equifax via mail regarding the MLGW account.

   a. In response to those disputes, Equifax corrected the impossible MLGW date of first delinquency, but did not input September 6, 2018, under "date closed."

40. Plaintiff sent three disputes to TransUnion via mail regarding the MLGW issue.

   a. Upon receiving most recent dispute, TransUnion failed to correct the MLGW reporting, and continued to report the account type as "open account."

   b. TransUnion also informed Plaintiff in their response that the MLGW account had been "verified" as accurate.

41. In February 2021, Plaintiff also sent one dispute to Trans Union via mail regarding the Barclays issue.

   a. An incorrect Barclays high balance of $10,114 is still on Plaintiff's TransUnion credit report.

   b. In reality, the balance on this Barclays account did not reach a high balance of $10,114 either between 6/2018 and 11/2020, or between 3/2021 and 5/2021.

   c. According to Plaintiff's December 15, 2020, TransUnion consumer disclosure, which lists the balance history for each month in aforementioned June 2018 to November 2020 period, the Barclays account does not reach the alleged $10,114 high balance.

   d. In fact, the highest monthly balance within the June 2018 to November 2020 period, according to the December 15, 2020, consumer disclosure, is $3,792 in December 2019. This is not close to $10,114.

   e. TransUnion is reporting information that objectively contradicts its own tradeline reporting.

   f. Plaintiff sent a written dispute to TransUnion in February 2021 contesting this inaccuracy as to the Barclays account.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

g. TransUnion issued a response claiming to have investigated the inaccuracy, but the incorrect high balance remains.

h. Upon information and belief, Plaintiff alleges that on one or more occasions TransUnion forwarded Plaintiffs' disputes to Barclays. Upon information and belief, Barclays was provided notice of Plaintiffs' disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

42. Defendants Equifax and Trans Union did not provide notice to Plaintiff that any of Plaintiff's disputes were "frivolous or irrelevant," yet still allowed the inaccurate and misleading information to report on Plaintiff's credit reports.

43. All Defendants each received but ignored the Plaintiff's dispute letters and did refuse to delete the inaccurate information regarding the account from the Plaintiffs' credit files.

44. All Defendants each had actual knowledge of the inaccuracies and deliberately chose to ignore and permit same.

45. After receiving Plaintiffs' notices of the inaccuracies, TransUnion and Equifax prepared and published to third parties multiple inaccurate consumer reports about Plaintiffs which contained the inaccurate information.

## ACTUAL DAMAGES

46. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

47. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681E(B)**

**[AGAINST TRANSUNION AND EQUIFAX]**

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendants TransUnion and Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

50. As a result of the conduct, actions and inactions of TransUnion and Equifax the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51. The conduct, actions and inactions by TransUnion and Equifax were willful, rendering TransUnion and Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative TransUnion and Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

52. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from TransUnion and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(1)

### [AGAINST TRANSUNION AND EQUIFAX]

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. TransUnion and Equifax violated 15 U.S.C. §1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

55. As a result of the conduct, actions and inactions of TransUnion and Equifax the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage

to reputation, embarrassment, humiliation and other mental and emotional distress.

56. The conduct, actions and inactions by TransUnion and Equifax were willful, rendering TransUnion and Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative TransUnion and Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

57. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from TransUnion and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(2)(A)**

**[AGAINST TRANSUNION AND EQUIFAX]**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. TransUnion and Equifax violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Barclays and MLGW with all the relevant information regarding Plaintiff's disputes.

60. As a result of the conduct, actions and inactions of TransUnion and Equifax the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

61. The conduct, actions and inactions by TransUnion and Equifax were willful, rendering TransUnion and Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1    TransUnion and Equifax was negligent entitling the Plaintiff to recover under

2    15 U.S.C. §1681o.

3    62.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and

4         attorney's fees from TransUnion and Equifax in an amount to be determined by

5         the Court pursuant to 15 U.S.C. §1681n and §1681o.

6                                    COUNT IV

7               VIOLATION OF THE FAIR CREDIT REPORTING ACT

8                          15 U.S.C. § 1681I(A)(4)

9                   [AGAINST TRANSUNION AND EQUIFAX]

10   63.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint

11        as though fully stated herein.

12   64.  TransUnion and Equifax violated 15 U.S.C. §1681i(a)(4) on multiple occasions

13        by failing to review and consider all relevant information submitted by Plaintiff.

14   65.  As a result of the conduct, actions and inactions of TransUnion and Equifax the

15        Plaintiff suffered actual damages including without limitation, by example only

16        and as described herein on Plaintiff's behalf by counsel: loss of credit, damage

17        to reputation, embarrassment, humiliation and other mental and emotional

18        distress.

19   66.  The conduct, actions and inactions by TransUnion and Equifax were willful,

20        rendering TransUnion and Equifax liable for punitive damages in an amount to

21        be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative

22        TransUnion and Equifax was negligent entitling the Plaintiff to recover under

23        15 U.S.C. §1681o.

24   67.  The Plaintiff is entitled to recover actual damages, statutory damages, costs and

25        attorney's fees from TransUnion and Equifax in an amount to be determined by

26        the Court pursuant to 15 U.S.C. §1681n and §1681o.

27   ///

28   ///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COUNT V**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681I(A)(5)(A)**

**[AGAINST TRANSUNION AND EQUIFAX]**

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. TransUnion and Equifax violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

70. As a result of the conduct, actions and inactions of TransUnion and Equifax the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

71. The conduct, actions and inactions by TransUnion and Equifax were willful, rendering TransUnion and Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative TransUnion and Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

72. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from TransUnion and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

///

///

///

///

///

COUNT VI

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681I(A)(5)(C)

[AGAINST TRANSUNION AND EQUIFAX]

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. TransUnion and Equifax violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit files.

75. As a result of the conduct, actions and inactions of TransUnion and Equifax the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

76. The conduct, actions and inactions by TransUnion and Equifax were willful, rendering TransUnion and Equifax liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative TransUnion and Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

77. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from TransUnion and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

COUNT VII

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681S-2(B)(1)(A)

[AGAINST DEFENDANT BARCLAYS]

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

79. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Barclays violated 15 U.S.C. §1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

80. Barclays understood the nature of Plaintiff's disputes when it received an ACDV from TransUnion.

81. As a result of the conduct, actions and inactions of Barclays the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

82. The conduct, actions and inactions by Barclays were willful, rendering Barclays liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Barclays was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

83. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT VIII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(B)

### [AGAINST DEFENDANT BARCLAYS]

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Barclays violated 15 U.S.C. §1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

///

---

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

86. As a result of the conduct, actions and inactions of Barclays the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

87. The conduct, actions and inactions by Barclays were willful, rendering Barclays liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Barclays was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

88. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT IX

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)
### [AGAINST DEFENDANT BARCLAYS]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Barclays violated 15 U.S.C. §1681s-2(b)(l)(C) and (D) by publishing the Barclays reporting to Plaintiff's credit files with TransUnion without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

91. As a result of the conduct, actions and inactions of Barclays the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

reputation, embarrassment, humiliation and other mental and emotional distress.

92. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Barclays and MLGW intended their employees or agents to follow.

93. The conduct, actions and inactions by Barclays and MLGW were willful, rendering Barclays and MLGW liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative Barclays and MLGW was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

94. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Barclays and MLGW in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT XI**

**VIOLATION OF THE CCRAA**

**CAL CIV § 1785.25(A)**

**[AGAINST DEFENDANT BARCLAYS]**

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Barclays violated Cal Civ §1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

97. As a result of the conduct, actions and inactions of Barclays the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to

///

reputation, embarrassment, humiliation and other mental and emotional distress.

98. The conduct, actions and inactions by Barclays were willful, rendering Barclays liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal Civ §1731(a)(2)(B). In the alternative Barclays was negligent entitling the Plaintiff to recover under Cal Civ §1731(a)(1).

99. The Plaintiff is entitled to recover actual damages, costs, and attorney's fees from Barclays in an amount to be determined by the Court pursuant to Cal Civ §1731(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

e) Costs and reasonable attorney's fees pursuant to Cal Civ §1731(a)(1);

f) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

g) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

h)  Award to Plaintiff of such other and further relief as may be just and proper.

### <u>TRIAL BY JURY IS DEMANDED.</u>

100. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

**THE CARDOZA LAW CORPORATION**

DATED:  December 1, 2021

BY: <u>/s/ LAUREN B. VEGGIAN</u>
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
CHINEMEREM OSISIOMA

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104